## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABBVIE INC.,<br>1 N. Waukegan Road<br>North Chicago, IL 60064<br><br>Plaintiff,<br>v.<br><br>INTERNAL REVENUE SERVICE,<br>1111 Constitution Avenue, N.W.<br>Washington, D.C. 20224<br><br>Defendant. | Civil Action No.:  23-cv-596<br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |

Plaintiff AbbVie Inc. ("Plaintiff" or "AbbVie") brings this action for declaratory and injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and states as follows:

### INTRODUCTION

1.      Plaintiff seeks to compel the disclosure of records that were unlawfully withheld by the Internal Revenue Service ("Defendant" or "IRS") relating to or referencing any and all of the following: (1) Chief Counsel Advice 202224010 (release date June 17, 2022); (2) Chief Counsel Advice 202119001 (release date May 14, 2021); (3) Chief Counsel Advice 201642035 (release date Oct. 14, 2016), and (4) Field Attorney Advice 20163701F (release date Sep. 9, 2016) (collectively, the "OCC Advice").   Plaintiff also seeks to compel the disclosure of records that were unlawfully withheld by Defendant relating to or referencing IRS Office of Chief Counsel employee Helen Hubbard's participation in: (1) an October 20, 2016, Practising Law Institute conference on corporate tax strategies in New York; and (2) a January 20, 2017, American Bar Association Section of Taxation - Financial Transactions meeting in Florida.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B).  The Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.      Plaintiff is a Delaware corporation with its principal place of business located in Illinois.

5.      Defendant is an agency of the United States government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C., that has possession and control over the records that Plaintiff seeks under the FOIA.

## STATUTORY FRAMEWORK

6.       The FOIA requires federal government agencies to release requested agency records to the public unless one or more specific statutory exemptions apply.  5. U.S.C. § 552(a)(3)(A).

7.      Records are agency records subject to the FOIA if the agency created or obtained them and the agency controlled them at the time the FOIA request is made.  *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

8.      An agency has twenty (20) working days after receipt of a FOIA request in which to determine whether to comply with the request.  5 U.S.C. § 552(a)(6)(A).  If the agency fails to respond, this Court has jurisdiction upon receipt of a complaint to review, *de novo*, the agency's failure to respond and order the production of any agency records improperly withheld from the requester.  5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

**A.     Background**

9.      Between September 9, 2016 and June 17, 2022, Defendant released the OCC Advice, each of which addresses the federal income tax consequences of making and/or receiving break fee payments (including the application of 26 U.S.C. § 1234A) in terminated corporation acquisitions.

10.     IRS Office of Chief Counsel employee Helen Hubbard participated in the following two industry conferences and meetings discussing Defendant's OCC Advice and, more generally, the application of 26 U.S.C. § 1234A: (1) an October 20, 2016, Practising Law Institute conference on corporate tax strategies in New York; and (2) a January 20, 2017, American Bar Association Section of Taxation - Financial Transactions meeting in Florida.

**C.     Plaintiff's FOIA Request**

11.     On December 22, 2022, Plaintiff's counsel submitted to the IRS a FOIA request on Plaintiff's behalf ("Plaintiff's FOIA Request").  *See* Declaration of Daniel A. Rosen (March 3, 2023) ("Rosen Decl."), Ex. I (Attachment 1 hereto).  Plaintiff's FOIA Request sought all records "relating to or referencing any and all of the" OCC Advice.  This included:

    i.     Requests for legal advice or assistance;

    ii.    Requests for expedited treatment;

    iii.   Response forms;

    iv.    Notices of tentative conclusions;

    v.     Records prepared, assembled, or forwarded to assist in the understanding of relevant facts, transaction(s), or issues

     vi.     Records setting forth the issues upon which advice was being sought, relevant facts, law, or conclusions or proposed course(s) of action;

     vii.    Requests for information;

    viii.    Records relating to or referencing IRS Office of Chief Counsel's review of legal advice prepared by Field Counsel;

     ix.    Background file documents; and

     x.    Communications within or between the IRS Office of Chief Counsel and the IRS regarding the OCC Advice.

12.    Plaintiff's FOIA Request also sought all records "relating to or referencing IRS Office of Chief Counsel employee Helen Hubbard's participation in: (1) an October 20, 2016, Practising Law Institute conference on corporate tax strategies in New York; and (2) a January 20, 2017, American Bar Association Section of Taxation - Financial Transactions meeting in Florida." This included:

     i.    Notifications, forms, or requests related to or referencing the speaking engagements;

     ii.    Notes prepared by or for Helen Hubbard related to or referencing the speaking engagements;

    iii.    Records reviewed by Helen Hubbard to prepare for the speaking engagements; and

    iv.    Communications within or between the IRS Office of Chief Counsel and the IRS related to or referencing Helen Hubbard's speaking engagements.

13.    Plaintiff's FOIA Request was received by the appropriate IRS component on December 22, 2022.

14.    On January 27, 2023, Defendant sent Plaintiff's counsel a letter in connection with Plaintiff's FOIA Request ("Defendant's January 27, 2023 Letter").  *See* Rosen Decl., Ex. II.

15.    Defendant's January 27, 2023 Letter incorrectly identifies the party for whom the FOIA Request relates and the date of the FOIA Request.  Defendant's January 27, 2023 Letter indicates that Defendant was unable to meet the 20 working-day statutory deadline to respond to

the FOIA Request and claimed a 10-day statutory extension, to February 7, 2023,  to "[s]earch for and, to the extent that records exist, collect requested records from other locations." *Id.* at 1.

16.     Defendant's January 27, 2023 Letter also states that Defendant would "still be unable to respond . . . by the extended statutory response date" and "expect[ed] to provide a final response to [the FOIA Request] by May 8, 2023." *Id.*

17.     To date, Defendant has not responded to Plaintiff's FOIA Request.

18.     The February 7, 2023 statutory deadline for Defendant to respond to Plaintiff's FOIA Request has expired and Defendant is not entitled to any further, unilateral delay.

19.     Because Defendant failed to comply with the FOIA time limit provisions, Plaintiff has exhausted its administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i).

**CAUSE OF ACTION**

**<u>Production Under the FOIA</u>**

20.     Plaintiff asserts and incorporates by reference paragraphs 1-19.

21.     Plaintiff properly requested records within Defendant's control and possession in accordance with the FOIA.

22.     Plaintiff is entitled under the FOIA to access the requested records.

23.     Defendant wrongfully withheld the requested records in violation of the FOIA.

24.     Plaintiff exhausted its administrative remedies with regard to the wrongfully withheld records.

**PRAYER FOR RELIEF**

 WHEREFORE, Plaintiff prays that this Court:

a.      Declare that Defendant's failure to disclosure the records requested by Plaintiff is unlawful;

5

   b.  Enjoin Defendant from withholding and order Defendant to disclose the requested

records to Plaintiff, in accordance with 5 U.S.C. § 552(a)(4)(B);

   c.  Award Plaintiff its costs and reasonable attorneys' fees, in accordance with 5

U.S.C. § 552(a)(4)(E); and

   d.  Grant such other and further relief as the Court may deem just and proper.

Dated:  March 3, 2023

Respectfully submitted,

/s/ Vivek A. Patel
Vivek A. Patel
Bar No. 1033178
Baker & McKenzie, LLP
815 Connecticut Ave. N.W.
Washington, DC 20006
Phone: (202) 835-6124
Fax: (202) 416-7124
vivek.patel@bakermckenzie.com

/s/ George M. Clarke, III
George M. Clarke, III
Bar No. 480073
Baker & McKenzie, LLP
815 Connecticut Ave., N.W.
Washington, DC 20006
Phone: (202) 835-6184
Fax: (202) 416-7184
george.clarke@bakermckenzie.com